IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BURNS, Independent Administrator of the estate of Elizabeth Burns, deceased,<br><br>                Plaintiff,<br>v.<br><br>WILDERNESS VENTURES, INC.,<br><br>                Defendant. | Case No. 12 C 4188<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Michael Burns ("Plaintiff"), administrator of the estate of his minor daughter, Elizabeth Burns ("Elizabeth"), sued Defendant Wilderness Ventures, Inc. for wrongful death and survival in connection with a wilderness trip conducted by the Defendant. Defendant moves to dismiss under Rule 12(b)(3) for improper venue because Elizabeth and her mother, Sally Burns, signed two contracts before the trip commenced that both contained a forum selection clause requiring all legal proceedings relating to or arising out of the wilderness program be adjudicated in the sole jurisdiction and venue Teton County, Wyoming. Defendant also moves for dismissal under Rule 12(b)(2) for lack of pursuant jurisdiction. For the following reasons, the Court grants Defendant's Motion to Dismiss for improper venue under Rule 12(b)(3), and therefore need not reach issues of personal jurisdiction under Rule 12(b)(2).

## BACKGROUND

For purposes of this motion to dismiss, the Court accepts the following well-pleaded allegations as true. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Defendant is a corporation incorporated in Wyoming. (Cmplt. ¶ 1). Elizabeth was a resident of Illinois. (Cmplt. ¶3). Plaintiff is the administrator of Elizabeth's estate. (Cmplt. ¶31).

On June 22, 2011, Elizabeth's mother, Sally Burns, contracted on behalf of Elizabeth with Defendant for a position on a trip to the Teton national forest. (Cmplt. ¶5-7). The trip to Teton National forest included thirteen campers (of which Elizabeth was one) and two counselors. (Cmplt. ¶6). The counselors for Elizabeth's trip had completed Defendant's counselor training program. (Cmplt. ¶12). As part of the training, the counselors learned that in order to comply with regulations for bear protection, food and other smelly items had to be suspended from a food pole or tree ten feet above the ground and four feet away from the pole or the tree. (Cmplt. ¶14-15). Defendant knew, or should have known, that the Teton national forest had lodge pole pine trees and an infestation of pine beetle, such that many of the lodge pole pine trees had been dead in excess of five years. (Cmplt. ¶9).

Due to weather conditions on the trip, the counselors leading Elizabeth's trip used a new campsite at the direction of Defendant. (Cmplt. ¶13). On July 18, 2011, at the new campsite, about 100 pounds of food and other smelly items had been hoisted by ropes to ten feet above the ground in a tree at the site and suspended facing the cook site. (Complt. ¶21). Elizabeth was seated on a downed tree about 66 feet from the base of the selected tree. (Cmplt. ¶22). While hoisting the second 100 pounds of food onto the tree, an audible crack occurred but the counselors did not instruct the campers hoisting the food to stop or instruct anyone to clear the area. (Complt. ¶23-24). While the campers continued to hoist the food bags, a second crack occurred and the tree was pulled down in the direction that the bags had been placed. (Cmplt. ¶24). The pulled tree struck Elizabeth in the head and torso. (Cmplt. ¶25). Elizabeth's injuries caused her death that day. (Cmplt. ¶28).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(3) provides for the dismissal of an action for improper venue based on the existence of a forum selection clause. *See Automobile Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007); *Continental Ins. Co. v. M/V Orsula*, 354 F.3d 603, 606-07 (7th Cir. 2003). In considering a motion to dismiss for improper venue, courts may examine facts outside the complaint. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809-10 (7th Cir. 2011) (noting it appropriate to consider the underlying agreement containing the forum selection clause in question).

A forum selection clause that is part of an enforceable contract is presumed valid. *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 210 (7th Cir. 1993); *see also AGA Shareholders, LLC v. CSK Auto, Inc.*, 467 F. Supp. 2d 834, 843 (N.D. Ill. 2006). Where the forum selection clause specifies a specific venue with "mandatory or obligatory language, the clause will be enforced." *Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992). Plaintiffs seeking to overcome a forum selection clause on the grounds of inconvenience have the burden to make the showing that a forum selection clause should be invalidated. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S.Ct. 1522 (1991), citing *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17, 92 S. Ct. 1907 (1972).

## DISCUSSION

Defendant seeks to invoke the forum selection clauses contained in two contracts signed by Elizabeth and her mother. Defendant attached copies of the executed contracts to its Motion to Dismiss as Exhibits B and C. The two documents (the "Contracts") are an "Acknowledgment of

3

Risks and Assumption of Responsibility Agreement" and a "Liability Release and Agreement to Indemnify." Each of the Contracts contains the following language:

> We understand and agree that the laws of the State of Wyoming govern this document and all aspects of our relationship with Wilderness Ventures, contractual or otherwise; and that the State of Wyoming, County of Teton will be the sole jurisdiction and venue for any legal proceeding relating to or arising out of this program.

Each of the Contracts also states that the parent or guardian signatory to the document signs "on behalf of Participant, myself, and my spouse if said spouse is also a parent or guardian of the Participant (my spouse and I collectively and individually referred to from this point as Parent)." One of the documents is a single page in length, the other two pages in length. While these documents were not attached to the Complaint, Plaintiff does not contest that the attached Contracts are accurate copies.

As an initial matter, this Court would normally apply the law chosen in the underlying Contracts, in this case the law of Wyoming, to the question of the validity of the forum-selection clause. *See Faulkenberg*, 637 F.3d at 809 ("Generally, the law applicable to a contract is that which the parties intended, assuming such an intent. When that intent is expressed, it should be followed.") (quoting *Hofeld v. Nationwide Life Ins. Co.*, 322 N.E.2d 454, 458 (Ill. 1975)). But neither side has mentioned Wyoming law. Both parties cite to federal law of this Circuit together with Illinois law. Moreover, neither side has identified, nor has the Court located, any differences between Wyoming law and Illinois law on forum selection principles or the issues raised by the parties. Therefore, this Court applies federal and Illinois law to determine whether Plaintiff is bound to litigate in Wyoming. *See Faulkenberg*, 637 F.3d at 809 (applying Illinois law rather than Texas law based on parties agreement and lack of substantial difference between the states on the issue in question).

4

Plaintiff raises three objections to the presumption that the forum selection clause controls the location of this suit: (1) the clause cannot bind Elizabeth Burns, a minor; (2) the clause cannot bind Plaintiff, a non-signatory to the Contracts; and (3) the clause is unreasonable and violates public policy. The Court addresses each issue in turn.

### A. Forum Selection Clauses and Minors

Plaintiff argues first that Elizabeth Burns, a sixteen-year-old, is a minor and cannot be bound by her signature to a contract containing a forum-selection clause. Plaintiff may be correct as to the signature of a minor standing alone; however, in this case, Elizabeth's mother, Sally Burns, signed both contracts as both Elizabeth's legal guardian and as an individual. In the absence of Illinois case law regarding minors and forum selection, Plaintiff urges this court to apply Illinois case precedent that a parent cannot waive a minor child's cause of action against a defendant. *See Meyer v. Naperville Manner, Inc.*, 634 N.E.2d 411, 414 (Ill. App. 1994).

But Defendant does not claim that Elizabeth or her mother waived rights of suit, or claim that either Contract is an exculpatory agreement. Defendant only challenges the forum in which suit may be brought. Persuasive authority regarding personal injury and minors suggests that courts routinely distinguish between issues of waiver or exculpation and issues of forum selection or consent to arbitrate. The first takes away the rights of a minor to bring suit; the latter, on the other hand, only indicates agreement by both parties as to the location and the means by which such a suit may be brought. *See, e.g. Vega-Perez v. Carnival Cruise Lines*, 361 F. Supp. 2d 1 (D.P.R. 2005) (transferring personal injury action brought on behalf of a minor from District of Puerto Rico to Southern District of Florida based upon contract with forum-selection clause signed by minor's mother); *Hojnowski v. Vans State Park*, 901 A. 2d 381, 391-94 (N.J. 2006) (while exculpatory

5

agreements signed by a parent on behalf of a minor child violate public policy, agreements to arbitrate disputes signed by a parent on behalf of a minor child are generally presumed valid as to any tort claims asserted). Defendant in this case does not seek to limit Elizabeth's substantive right to sue, but rather only to limit the procedural avenues of such suit to those mutually agreed. As with the above-cited cases, the fact that Elizabeth was a minor does not alter the fact that her legal guardian adult signed contracts containing procedural limitations on her behalf.

### B.     Forum Selection Clauses and Non-Signatories

With Sally Burns' signature binding Elizabeth, the Court turns to Plaintiff's next argument - that Plaintiff as husband of Sally cannot be similarly bound. Plaintiff argues that his wife's signature on the Contracts should not bind him since he did not personally sign the contract. "To bind a [non-signatory] to a forum selection clause, the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound." *Hugel,* 999 F.2d at 209; *accord Frietsch v. Refco, Inc.*, 56 F.3d 825, 827 (7th Cir. 1995) ("courts . . . enforce forum selection clauses in favor of non-parties 'closely related' to a signatory"). First, the "principle of mutuality" helps determine whether a non-signatory can enforce a forum selection clause. *Frietsch*, 56 F.3d at 827. The *Refco* court noted that the plaintiffs could have enforced the forum selection clause against the defendant, and consequently "mutuality requires that [the defendant] be allowed to invoke the clause. Otherwise the plaintiffs would have a choice of venues but [the defendant] would not, and there is no reason for such an asymmetry of procedural choices." *Id.* at 828; *see also Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgt, Ltd.*, 364 F.3d 884, 889 (7th Cir. 2004) (suing an "affiliate" of signatory did not "defeat" forum selection clause); *Hugel*, 999 F.2d at 210 ( non-signatory

6

subsidiaries were "equally bound" by the forum selection clause when signatory was parent company).

In this case, it can scarcely be argued that Plaintiff, as administrator of Elizabeth's estate, could not bind Defendant to the forum of Wyoming on the basis of Plaintiff's wife's signature on the Contracts. The Contracts explicitly stated in the opening paragraph that Sally Burns' signature as legal guardian acted as the signature for herself "and for her spouse if said spouse is also a parent or guardian" of the minor. As with *Refco*, the principle of mutuality should not allow Plaintiff to now have his choice of venues but Defendant would not.

Second, while this Court has not been able to find factually analogous Illinois precedent in the context of personal injury of minors, the Northern District of Ohio addressed similar circumstances to those before the Court now. In *Mohney v. USA Hockey Inc.*, 77 F. Supp. 2d 859 (N.D. Ohio 1999), a minor suffered injury after playing hockey in a hockey camp. The minor's father had signed an exculpatory agreement on behalf of himself and his son prior to his son's participation at the camp, so the mother brought suit on the minor's behalf and argued that she was not bound by her husband's agreement. The *Mohney* court held that where one parent signs an agreement on behalf of a minor, the other parent is also bound if she has accepted and enjoyed the benefits of the agreement. *Id.* Because the mother had supported the son's participation in hockey generally, she was estopped from disaffirming the agreement. *Id.*

This case is analogous to *Mohney*, and the result is not nearly so dire. Defendant here does not claim Plaintiff has waived the right to sue. Defendant only claims Plaintiff has lost the right to sue in the forum of his choosing. Additionally, this is not a case where Plaintiff as non-signatory makes a claim that he lacked awareness of the activities of the child or the contracts signed by his

7

wife. In this case, Sally Burns signed on behalf of a minor legally guarded jointly by both Sally Burns and Plaintiff. Sally Burns explicitly signed on behalf of Elizabeth, herself, and Plaintiff in his capacity as Elizabeth's other legal guardian. There is no allegation that the Plaintiff and his wife were estranged, that Plaintiff had no notice of the trip, or had inadequate opportunity to review the Contracts signed more than a month before the trip, each of which referenced signature on his behalf in the first paragraph. To the contrary, Plaintiff in his Response to the Motion to Dismiss stands solely on the ground that he did not sign the contract and did not himself participate in the trip, and makes no attempt to disavow the ample notice time he had or the fact that he shared custody of his child with his wife. *See, e.g., Global Travel Mktg, Inc. v. Shea*, 908 So. 2d 393 (Fla. 2005) (Supreme Court of Florida upheld arbitration clause signed by mother of minor in wrongful death suit brought by divorced father of minor as not violating public policy of the rights of the child). On these facts, the Court agrees with the reasoning of *Mohney* that Plaintiff Michael Burns cannot now contest the forum-selection clause to which his wife bound both he and their minor child.

## C. Reasonableness

A forum selection clause is presumptively valid. *See Bremen*, 407 U.S. at 10. Following the United States Supreme Court's decision in *Carnival Cruise Lines, Inc. v. Shute*, a forum-selection clause may well be valid even when it is a form contract that was not negotiated by the individual. 499 U.S. 585, 111 S.Ct. 1522 (1991). Forum selection clauses represent an "*ex ante* determination by the parties themselves of the place that will be the most convenient for any litigation that may come along." *Automobile Mechanics*, 502 F.3d at 746. When the language is unambiguously demonstrates the parties' understanding that actions related to the agreements and the events covered by the agreements would be brought in a certain place, that language is binding on both parties. *See*

8

*In re Comdisco, Inc.*, 434 F.3d 963, 967 (7th Cir. 2006) ( "Contractual language can be bent when necessary to avoid absurd or even commercially unreasonable results. But the literal reading happens in this case to be the reasonable one.")

The facts before the Court in this case are analogous to the United States Supreme Court's decision in *Shute*. Their similarity merits following *Shute's* instruction that forum-selection clauses in form contracts may bind an individual. In *Shute*, the Supreme Court permitted a forum-selection clause on the back of a passenger cruise ticket to be bind the passenger. While acknowledging that these types of form contracts never involve bargaining between the parties, the Supreme Court nonetheless highlighted the important public policy considerations supporting upholding a forum-selection clause in certain form contracts. The *Shute* court noted that cruise ships carry passengers from many locales, and in the absence of such a provision, the cruise company could find itself the subject of continuous suits in multiple fora, a result both unjust to the company and likely to drive up the price of the ticket - a negative result for passengers. *See Shute*, 499 U.S. at 593. Of specific importance to the case at bar, the *Shute* court noted that "a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." *Id.*

The facts of *Shute* provide a close analogy to the case before this Court. Defendant is in the business of providing trips into Wyoming for customers from all over the United States and internationally - a fact validated by the camper list included in Plaintiff's Complaint. Plaintiff does not dispute that his wife signed the Contracts weeks prior to his daughter's departure on the trip,

9

such that he had ample opportunity to review them before the trip commenced. Also as with the cruise line in *Shute*, establishing *ex ante* the forum of Wyoming for dispute resolution should permit litigants to dispense with motions of the type filed here, and devote judicial resources to deciding the merits of the cases brought rather than the appropriate locale. This Court is mindful that the Defendant does not contend that the Contracts remove Plaintiff's right to sue, or deprive him or his daughter of substantive rights; rather, the Contracts only serve to dictate the location of any litigation commenced.

The presumption of a forum-selection clause's validity can be rebutted by showing that the clause is "unreasonable and unjust, or that the clause [i]s invalid for such reasons as fraud or overreaching." *Bremen*, 407 U.S. at 15. Specifically, the forum selection clause can be invalid in three circumstances: (1) "[its] incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that [the complaining party] will for all practical purposes be deprived of its day in court; or (3) [its] enforcement . . . would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision." *AAR Intern., Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 525 (7th Cir. 2001). Because Plaintiff challenges the enforceability of the forum selection clause, he bears the "heavy burden" of showing that litigating in the selected forum would be so inconvenient that it would essentially deprive him of the opportunity to bring his claims at all. *Shute,* 499 U.S. at 593*; accord Bremen*, 407 U.S. at 17, 19.

Plaintiff does not allege, and the facts to not suggest, that the Contracts were procured by fraud. Plaintiff focuses on the inconvenience of the state of Wyoming. While Wyoming may be less convenient for Plaintiff than the Northern District of Illinois, this is not a case where facts

surmount the "heavy burden" standard set forth in *Bremen* and *Shute* such that setting aside the forum-selection clause would be warranted. As with *Shute*, the Defendant here is in the business of providing escorted trips for individuals from all over the United States and internationally. Defendant has a strong interest in establishing before agreeing with any individual to conduct a trip that the Defendant will be able to litigate in a certain place. And also as with *Shute*, the evidence provided by Plaintiff - even accepting all factual statements in the Plaintiff's Complaint and Response as true - does not suggest that Wyoming is a "serious inconvenience" to Plaintiff. Plaintiff admits in his Response that while some of the witnesses are located in Illinois, many others are in Wyoming, or if not there, then spread throughout the United States and internationally. The scattering of witnesses in this case is similar to that in *Shute*. Following *Schute's* precedent, Plaintiff's arguments in favor of striking the forum-selection clause do not satisfy the "heavy burden of proof required to set aside the clause on grounds of inconvenience." *Shute*, 499 U.S. at 595.

## CONCLUSION

Plaintiff has not met his burden to demonstrate that the forum-selection clause agreed to by the parties prior to the commencement of the events at issue in this suit should be set aside. Therefore, this action is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3), without prejudice to the Plaintiff to bring the suit in the appropriate forum.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: August 30, 2012